UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
SEP 28 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

| | |
|---|---|
| SUSAN A. WOODS | CASE NO. 5:23-CV-1350 |
| Plaintiff | JUDGE: DAN AARON POLSTER |
| v. | MAGISTRATE JUDGE: JONATHAN D. GREENBERG |
| CHILDREN'S HOSPITAL MEDICAL CENTER OF AKRON | INITIAL DISCLOSURES OF PLAINTIFF |
| Defendant | |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Pro Se Plaintiff Susan A. Woods makes the following initial disclosures:

**(A)(i) Individuals likely to have discoverable information that Plaintiff might use to support her claims:**

1. Representatives of Defendant's Genetic Center's administrative chain of command, up to and possibly including Defendant's most recent former and current Chief Executive Officers, Grace Wakulchik and Christopher Gessner, respectively, who are expected to have knowledge about the development and execution of Defendant's COVID-19 Related Employment Requirements Program policy, Disciplinary Review Policy and other grievance procedures;

2. Kelly Gramata, Defendant's Administrative Director of Medical and Surgical Subspecialties, who has direct knowledge of the progressive disciplinary action taken against Plaintiff;

3. Defendant's Chief Human Resources Officer, Rhonda Larimore, and potentially other employees of Defendant's Human Resources Department who are expected to have knowledge regarding the development and execution of Defendant's COVID-19 Related Employment Requirements Program policy, Disciplinary Review Policy and other potential grievance procedures and who are expected to have knowledge about Plaintiff's inquiries regarding non-invasive testing/screening for COVID-19, Plaintiff's requests for religious exemptions, and Plaintiff's requests for information about an appeals process/grievance procedures/disciplinary review;

4. Members of Defendant's COVID-19 Exemption Review Team/COVID Vaccine

Team from 2019 through March of 2022, who are expected to have knowledge about Defendant's COVID-19 related policies and procedures (the identity of these individuals is not currently known to Plaintiff);

5. Members of Defendant's Institutional Review Board (IRB) from 2019 through March of 2022, who are expected to have knowledge about all human subject-related research conducted at Children's Hospital Medical Center of Akron by or under the direction of employees, agents or members of the medical staff in connection with their institutional responsibilities (the identity of these individuals is not currently known to Plaintiff);

6. Individuals employed by Defendant's Genetic Center at the time of Plaintiff's termination, possibly including Dr. Carrie Costin, Dr. Abdulrazak Alali, Dr. Jason Laufman, Dr. Catherine Ward-Melver, Laura Benedict, Emily Creque, Madeline Frederick, Connie Motter, Jennifer Stein, Joleen Viront and KaraVitalone, who are expected to have knowledge about the operations of the Genetic Center and personal experience with COVID-19-related issues;

7. Other Defendant employees and/or other individuals identified through discovery;

8. Expert witnesses, the identity of whom are currently unknown and will be dependent upon the results of discovery and/or agreed upon stipulations.

As Plaintiff is appearing pro se, she reserves the right to supplement this disclosure at a later time.

**(A)(ii) Documents that Plaintiff has in her possession and may use to support her claims:**

1. Defendant's COVID-19 Related Employment Requirements Program policy – version 2;

2. Defendant's Disciplinary Review policy;

3. Documents related to Plaintiff's pursuit of Unemployment Compensation Benefits;

4. Documents related to Plaintiff's filing of an EEOC complaint against Defendant, including the Determination of Charge and Notice of Right to Sue;

5. Copies of email correspondences between Plaintiff and Defendant related to Plaintiff's inquiries into the option of *non-invasive* screening for COVID-19;

6. Copies of email correspondences regarding Defendant's COVID-19 related policies;

7. Copies of email correspondences between Plaintiff and Defendant regarding Plaintiff's request for and approval of exemption from the flu vaccine;

8. Copies of email correspondences between Plaintiff and Defendant regarding Plaintiff's request for and approval of exemption from the COVID-19 gene therapy agents marketed as "vaccines";

9. Copies of email correspondences between Plaintiff and Defendant regarding requests for information about an appeals process/grievance procedure/disciplinary review related to Defendant's refusal to consider an individualized accommodation to its COVID-19 Related Employment Requirements Program policy for Plaintiff;

10. Documents related to Defendant's progressive disciplinary action against Plaintiff;

11. Plaintiff's curriculum vitae;

12. Plaintiff's American Board of Medical Genetics Certification;

13. Plaintiff's Ohio Genetic Counselor Licensure;

14. Copies of Defendant's annual performance evaluations of Plaintiff that are in Plaintiff's possession;

15. Patient ratings and reviews of Plaintiff.

As Plaintiff is appearing pro se, she reserves the right to supplement this disclosure at a later time.

**(A)(iii) A computation of each category of damages claimed by Plaintiff, with disclosed supporting documentation:**

1. Total Compensatory Damages Claimed, including back and forward pay until age 67; loss of medical, dental and vision insurance; loss of retirement benefits; loss of continuing education benefits; court filing fees; attorney's fees for filing EEOC complaint: $917,207.61.

    a. Supporting documentation:

        i. A copy of Plaintiff's 2022 pay stubs, establishing such things as hourly rate, Defendant's contribution to Plaintiff's 403(b) account, Defendant's contribution to Plaintiff's medical and dental insurance coverage and Plaintiff's accrual of PTO;

        ii. A copy of a statement indicating Defendant's contribution to Plaintiff's 401(a)

-3-

account (to the best of Plaintiff's knowledge this contribution was made in 2021 and was the first and only contribution to this account);

  iii. A copy of Plaintiff's Form 1099 for Unemployment Compensation Benefits received in 2022;

  iv. A copy of Plaintiff's registration and receipt for the National Society of Genetic Counselors 2023 Annual Meeting in order to obtain CEU's for maintenance of Ohio Genetic Counselor Licensure;

  v. A copy of the invoice and retainer fee receipt Plaintiff received from Renz Law.

2. Total Punitive Damages Claimed for retaliatory actions and violation of Title VII, the Nuremburg Code, and 21 U.S.C. §360 bbb-3(e)(1)(A)(i),(ii)&(III): $1,000,000.

As Plaintiff is appearing pro se, she reserves the right to supplement this disclosure at a later time.

**(A)(iv) Insurance Agreements:** Not applicable.

              Respectfully submitted,

              _\[signature\]_

              Susan A. Woods
              584 North Hawkins Avenue
              Akron, Ohio 44313
              Phone: 330-869-0815
              Email: susanwoods@neo.rr.com

              *Pro Se Plaintiff*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing *Initial Disclosures of Plaintiff* was filed with the Court on September 28, 2023. A copy of this filing was also sent via electronic mail on September 28, 2023, to

    Andrew J. Cleves
    acleves@frantzward.com

and

    Jonathan M. Scandling
    jscandling@frantzward.com

    Attorneys for Defendant

_____
Susan A. Woods
Pro Se Plaintiff